USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :      STIPULATION AND ORDER FOR
                                   :      RELEASE OF PROPERTY TO
              -v.-                 :      DEUTSCHE BANK
                                   :
DAVID EDUARDO HELMUT MURCIA GUZMAN, :      S1 09 Cr. 110 (WHP)
                                   :
              Defendant.           :      Application granted.
                                   :
- - - - - - - - - - - - - - - - - x
                                   :      SO ORDERED:
DEUTSCHE BANK,                     :
                                   :      WILLIAM H. PAULEY III U.S.D.J.
              Petitioner.          :
                                   :
- - - - - - - - - - - - - - - - - x

        WHEREAS, on March 17, 2009, DAVID EDUARDO HELMUT MURCIA

GUZMAN (the "defendant"), was charged in a one-count Superseding

Indictment, S1 09 Cr. 110 (WHP) (the "Indictment"), with

conspiring to commit money laundering, in violation of Title 18,

United States Code, Section 1956;

        WHEREAS, the Indictment included a forfeiture

allegation seeking, pursuant to Title 18, United States Code,

Section 982, all property, real and personal, involved in the

money laundering offense and all property traceable to such

property, including but not limited to the following:

        a.    At least approximately millions of dollars in

United States currency, in that such sum in aggregate is property

which was involved in the money laundering offense or is

traceable to such property;

b.    The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130;

c.    The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130;

d.    The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130;

e.    The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

f.    The real property located at 90 Alton Road, #601, Miami, Florida 33139;

g.    The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180;

h.    The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131;

i.    The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131;

j.    The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131; and

k.    The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132;

WHEREAS, on or about November 23, 2010, the defendant pled guilty to the Indictment pursuant to a plea agreement with the Government;

2

WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegation and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982: (i) a sum of money equal to $7,000,000 in United States currency, representing all property, real and personal, involved in the money laundering offense and all property traceable to such property; and (ii) all right, title and interest in the following property:

a.   The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130;

b.   The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130;

c.   The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130;

d.   The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

e.   The real property located at 90 Alton Road, #601, Miami, Florida 33139 ("90 Alton Road");

f.   The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180;

g.   The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131;

h.   The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131;

3

i.    The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131; and

j.    The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132; (collectively, the "Specific Properties");

WHEREAS, on or about November 29, 2010, the Court entered a Consent Order of Forfeiture as to Specific Properties (the "Consent Order of Forfeiture"), which (1) imposed a money judgment against the defendant, in the amount of $7,000,000 in United States currency, representing all property, real and personal, involved in the money laundering offense and all property traceable to such property, and (2) ordered the forfeiture to the United States of all of his right, title and interest in the Specific Properties;

WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty consecutive days, notice of the Consent Order of Forfeiture, of the United States' intent to dispose the Specific Properties and the requirement that any person asserting a legal interest in the and to file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3).  The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific

4

Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, notice of the Consent Order of Forfeiture and the intent of the United States to dispose of the Subject Property was published on www.forfeiture.gov, the official U.S. government internet site, beginning on February 9, 2011 and for thirty consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication was filed on July 13, 2011;

WHEREAS, on or about January 13, 2011, notice of the Consent Order of Forfeiture was mailed by Certified Mail Return Receipt Requested to:

a.   Lisa Newsome
     455 5th Avenue
     Half Moon Bay, California 94019;

b.   Santiago Baranchuk
     455 5th Avenue
     Half Moon Bay, California 94019;

c.   USAA Federal Savings Bank
     10750 McDermott Freeway
     San Antonio, TX 78288;

d.   Platino Holding LLC
     175 SW 7th Street, #2008
     Miami, Florida 33130;

e.   Life Style Media Group, LLC
     880 Biscayne Boulevard, Unit 2507
     Miami, Florida 33132;

f.   Life Style Media Group, LLC
     951 Brickell Avenue, #2304

5

Miami, Florida 33131;

g.   Life Style Media Group, LLC
     951 Brickell Avenue, #2006
     Miami, Florida 33131;

h.   Life Style Media Group, LLC
     951 Brickell Avenue, #1906
     Miami, Florida 33131;

i.   Life Style Media Group, LLC
     2121 Ponce de Leon Boulevard, Suite 1050
     Coral Gables, Florida 33160;

j.   Life Style Media Group, LLC
     20201 E. Country Club Drive, #902
     Aventura, Florida 33180;

k.   Platino Holding LLC
     175 SW 7th Street, #1811
     Miami, Florida 33130;

l.   Platino Holding LLC
     2121 Ponce de Leon Boulevard, Suite 1050
     Coral Gables, Florida 33134;

m.   Platino Holding LLC
     175 SW 7th Street, #1810
     Miami, Florida 33130;

n.   Deutsche Bank
     60 Wall Street
     New York, New York 10005; and

o.   Lisa Newsome
     90 Alton Road, Unit 601
     Miami Beach, Florida 33139;

WHEREAS, these are the only persons known by the Government to have a potential interest in the Specific Properties;

6

WHEREAS, on or about February 17, 2011, Deutsche Bank ("Petitioner") filed a petition (the "Petition") asserting an interest in 90 Alton Road;

WHEREAS, Petitioner represents that Petitioner has a right, title and interest in and to 90 Alton Road, by virtue of a first priority mortgage lien executed on or about July 6, 2006 by Lisa Newsome in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Master Financial, Inc., and recorded on or about August 24, 2006 in the Dade County, Florida Real Estate records at Deed Book 24850, Pages 1885-1914 (the "Mortgage");

WHEREAS, the Mortgage evidences a note in the original principal amount of Six Hundred Sixty-Four Thousand, Fifty and 00/100 Dollars ($664,050.00) (the "Note") and constitutes a first priority security interest or mortgage on 90 Alton Road and the buildings and improvements situated thereon;

WHEREAS, as of February 16, 2011, the remaining amount of the indebtedness secured by the Mortgage is Six Hundred Fifty-Eight Thousand, Four Hundred Fifty-Three and 32/100 Dollars ($658,453.32), plus accrued interest, escrow advances, attorney fees and costs relating to this action;

WHEREAS, the Note and the Mortgage were last transferred to Petitioner by those Assignments of Mortgage

7

recorded in the Dade County, Florida Real Estate records at Deed
Book 26331, Page 496 and Deed Book 27063, Page 264-265;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and
between the United States Attorney's Office for the Southern
District of New York, Preet Bharara, United States Attorney by
and through Assistant United States Attorney Michael D. Lockard,
and Petitioner, and their attorney, Mark L. Cortegiano, Esq.,
that:

1.    The United States shall release 90 Alton Road to
Petitioner.

2.    The foregoing release to the Petitioner shall be
in full settlement and satisfaction of all claims and petitions
by Petitioner to 90 Alton Road.

3.    Petitioner is hereby barred from asserting, or
assisting others in asserting, any claim against the United
States (including but not limited to the Department of Justice
("DOJ"), the United States Attorney's Office for the Southern
District of New York ("SDNY-USAO"), and the Drug Enforcement
Administration ("DEA")), and any agents and employees of the
United States, in connection with or arising out of the seizure,
restraint, and/or constructive possession of 90 Alton Road,
including, but not limited to, any claim that there was no
probable cause to seize 90 Alton Road, that the Petitioner is a

prevailing party, or that the Petitioner is entitled to attorney's fees or any award of interest.

4.    Petition represents that it has a valid mortgage on 90 Alton Road and agrees to hold harmless the United States (including but not limited to the DOJ, the SDNY-USAO, and the DEA), and any agents and employees of the United States, from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of 90 Alton Road, including but not limited to any third-party claims of ownership of 90 Alton Road.

5.    Petitioner hereby withdraws its Petition asserting an interest in 90 Alton Road. Upon the Court's endorsement of this Stipulation and Order, said petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

6.    This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.  Fax or PDF copies shall be treated as originals.

7.    The individual(s) signing this Stipulation and Order on behalf of the Petitioner represent and warrant that they are authorized by Petitioner to execute this Stipulation and Order.

8.    The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

9.    This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

10.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael D. Lockard, One St. Andrew's Plaza, New York, New York 10007.

Agreed and consented to:

PREET BHARARA

United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By:  _____          August 10, 2011
     MICHAEL D. LOCKARD                 DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Tel. (212) 637-2193
     Fax (212) 637-0421
     michael.lockard@usdoj.gov


DEUTSCHE BANK
Petitioner


By:  _____          _____
     DEUTSCHE BANK                      DATE

            [ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

                            10

8.    The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

9.    This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

10.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael D. Lockard, One St. Andrew's Plaza, New York, New York 10007.

Agreed and consented to:

PREET BHARARA

United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          _____
       MICHAEL D. LOCKARD                          DATE
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       Tel. (212)637-2193
       Fax (212) 637-0421
       michael.lockard@usdoj.gov


DEUTSCHE BANK
Petitioner

By: _____          _____
       DEUTSCHE BANK by Ocwn Lum Jeviry, LLC     DATE
       as attorney-in-fact

            [ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

10

By:  _____          _____
     MARK L. CORTEGIANO, ESQ.                DATE
     Attorney for Petitioner
     65-12 69th Place
     Middle Village, New York 11379
     Tel. (718) 894-9500
     Fax. (718) 326-3781
     marklcortegiano@verizon.net


SO ORDERED:


_____               _____
HONORABLE WILLIAM H. PAULEY III             DATE
UNITED STATES DISTRICT JUDGE

11

By: _____          _____
        MARK L. CORTEGIANO, ESQ.          DATE
        Attorney for Petitioner
        65-12 69th Place
        Middle Village, New York 11379
        Tel. (718) 894-9500
        Fax (718) 326-3781
        marklcortegiano@verizon.net


SO ORDERED:


_____               _____
HONORABLE WILLIAM H. PAULEY III          DATE
UNITED STATES DISTRICT JUDGE


11