USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :     FINAL ORDER OF FORFEITURE
                                    :
         - v. -                     :     S1 09 Cr. 110 (WHP)
                                    :
DAVID EDUARDO HELMUT MURCIA GUZMAN, :
                                    :
              Defendant.            :
                                    :
- - - - - - - - - - - - - - - - - - x

WHEREAS, on March 17, 2009, DAVID EDUARDO HELMUT MURCIA GUZMAN (the "defendant"), was charged in a one-count Superseding Indictment, S1 09 Cr. 110 (WHP) (the "Indictment"), with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956;

WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

a. At least approximately millions of dollars in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property;

b. The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130;

c. The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130;

d. The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130;

e. The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

f. The real property located at 90 Alton Road, #601, Miami, Florida 33139;

g. The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180;

h. The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131;

i. The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131;

j. The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131; and

k. The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132;

WHEREAS, on or about November 23, 2010, the defendant pled guilty to the Indictment pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegation and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982: (i) a sum of money equal to $20,000,000 in United States currency, representing all property, real and

personal, involved in the money laundering offense and all property traceable to such property; and (ii) all right, title and interest in the following property:

    a. The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130 ("175 SW 7th Street, #1810");

    b. The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130 ("175 SW 7th Street, #1811");

    c. The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130 ("175 SW 7th Street, #2008");

    d. The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

    e. The real property located at 90 Alton Road, #601, Miami, Florida 33139;

    f. The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180;

    g. The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131 ("951 Brickell Avenue, #1906");

    h. The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131 ("951 Brickell Avenue, #2006");

    i. The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131 ("951 Brickell Avenue, #2304"); and

    j. The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132 ("880 Biscayne Boulevard, Unit 2507");

(collectively, the "Specific Properties");

WHEREAS, on or about November 29, 2010, this Court entered a Consent Order of Forfeiture as to Specific Properties (the "Consent Order of Forfeiture," attached hereto as <u>Exhibit A</u>), which (1) imposed a money judgment against the defendant, in the amount of $7,000,000 in United States currency, representing all property, real and personal, involved in the money laundering offense and all property traceable to such property, and (2) ordered the forfeiture to the United States of all of his right, title and interest in the Specific Properties;

WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty consecutive days, notice of the Consent Order of Forfeiture, of the United States' intent to dispose the Specific Properties and the requirement that any person asserting a legal interest in the and to file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3). The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, notice of the Consent Order of Forfeiture and the intent of the United States to dispose of the Subject Property was published on <u>www.forfeiture.gov</u>, the official U.S. government internet site, beginning on February 9, 2011 and for

thirty consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication (attached hereto as <u>Exhibit B</u>) was filed on July 13, 2011;

WHEREAS, on or about January 13, 2011, notice of the Consent Order of Forfeiture was mailed by Certified Mail Return Receipt Requested to:

a. Lisa Newsome
455 5th Avenue
Half Moon Bay, California 94019;

b. Santiago Baranchuk
455 5th Avenue
Half Moon Bay, California 94019;

c. USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288;

d. Platino Holding LLC
175 SW 7th Street, #2008
Miami, Florida 33130;

e. Life Style Media Group, LLC
880 Biscayne Boulevard, Unit 2507
Miami, Florida 33132;

f. Life Style Media Group, LLC
951 Brickell Avenue, #2304
Miami, Florida 33131;

g. Life Style Media Group, LLC
951 Brickell Avenue, #2006
Miami, Florida 33131;

h. Life Style Media Group, LLC
951 Brickell Avenue, #1906
Miami, Florida 33131;

      i.    Life Style Media Group, LLC
            2121 Ponce de Leon Boulevard, Suite 1050
            Coral Gables, Florida 33160;

      j.    Life Style Media Group, LLC
            20201 E. Country Club Drive, #902
            Aventura, Florida 33180;

      k.    Platino Holding LLC
            175 SW 7th Street, #1811
            Miami, Florida 33130;

      l.    Platino Holding LLC
            2121 Ponce de Leon Boulevard, Suite 1050
            Coral Gables, Florida 33134;

      m.    Platino Holding LLC
            175 SW 7th Street, #1810
            Miami, Florida 33130;

      n.    Deutsche Bank
            60 Wall Street
            New York, New York 10005; and

      o.    Lisa Newsome
            90 Alton Road, Unit 601
            Miami Beach, Florida 33139;

(attached hereto as Exhibit C);

    WHEREAS, these are the only persons known by the Government to have a potential interest in the Specific Properties;

    WHEREAS, on or about September 21, 2011, 175 SW 7th Street, #1810, was sold to Segal Properties, LLC ("Segal Properties"), pursuant to a tax deed sale conducted by the Miami-Dade County Clerk's Office;

    WHEREAS, based upon the amount paid by Segal Properties for 175 SW 7th Street, #1810, at the tax deed sale, a surplus of approximately $192,306.41 (the "Proceeds of 175 SW 7th Street,

#1810") was realized and is currently being held by the Miami-Dade County Clerk's Office;

WHEREAS, the Proceeds of 175 SW 7th Street, #1810, shall be treated as the substitute *res* for 175 SW 7th Street, #1810, and shall be treated as the equivalent of 175 SW 7th Street, #1810;

WHEREAS, on or about March 23, 2012, this Court entered a Stipulation and Order regarding 175 SW 7th Street, #1810, wherein Segal Properties agreed not to file a claim and/or petition for the Proceeds of 175 SW 7th Street, #1810 (attached hereto as Exhibit D);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2); and

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture have been filed with respect to the following:

    a.    Proceeds of 175 SW 7th Street, #1810;

    b.    175 SW 7th Street, #1811;

    c.    175 SW 7th Street, #2008;

    d.    951 Brickell Avenue, #1906;

    e.    951 Brickell Avenue, #2006;

f.   951 Brickell Avenue, #2304; and

g.   880 Biscayne Boulevard, Unit 2507;

(collectively, the "Forfeited Properties");

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   All right, title and interest in the Forfeited Properties are hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.   Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Forfeited Properties.

3.   The United States Marshals Service (or its designee) shall take possession of the Forfeited Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4.   The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael D. Lockard, One St. Andrew's Plaza, New York, New York 10007.

Dated:   New York, New York
         August 14, 2012

SO ORDERED:

_____
HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE