USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :     STIPULATION AND ORDER
                                   :
            -v.-                   :     S1 09 Cr. 110 (WHP)
                                   :
DAVID EDUARDO HELMUT MURCIA GUZMAN, :
                                   :
            Defendant.             :
                                   :
- - - - - - - - - - - - - - - - - x
                                   :
HAMPTON SOUTH CONDOMINIUM          :
ASSOCIATION, INC.,                 :
                                   :
            Claimant.              :
- - - - - - - - - - - - - - - - - x

WHEREAS, on March 17, 2009, DAVID EDUARDO HELMUT MURCIA GUZMAN (the "Defendant"), was charged in a one-count Superseding Indictment, S1 09 Cr. 110 (WHP) (the "Indictment"), with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956;

WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

  a. At least approximately millions of dollars in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property;

  b. The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130;

  c. The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130;

  d. The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130;

  e. The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

  f. The real property located at 90 Alton Road, #601, Miami, Florida 33139;

  g. The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180;

  h. The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131;

  i. The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131;

  j. The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131; and

  k. The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132;

  WHEREAS, on or about November 23, 2010, the Defendant pled guilty to the Indictment pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, the Defendant admitted the forfeiture allegation and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982: (i) a sum of money equal to $7,000,000 in United States currency, representing all property, real and personal, involved in the money laundering offense and all property traceable to such property; and (ii) all right, title and interest in the following property:

  a. The real property located at 175 SW 7th Street, #1810, Miami, Florida 33130;

  b. The real property located at 175 SW 7th Street, #1811, Miami, Florida 33130;

  c. The real property located at 175 SW 7th Street, #2008, Miami, Florida 33130;

  d. The real property located at 455 5th Avenue, Half Moon Bay, California 94019;

  e. The real property located at 90 Alton Road, #601, Miami, Florida 33139;

  f. The real property located at 20201 E. Country Club Drive, #902, Aventura, Florida 33180 (the "Subject Property");

  g. The real property located at 951 Brickell Avenue, #1906, Miami, Florida 33131;

  h. The real property located at 951 Brickell Avenue, #2006, Miami, Florida 33131;

      i.    The real property located at 951 Brickell Avenue, #2304, Miami, Florida 33131; and

      j.    The real property located at 880 Biscayne Boulevard, Unit 2507, Miami, Florida 33132;

(collectively, the "Specific Properties");

WHEREAS, on or about November 29, 2010, the Court entered a Consent Order of Forfeiture as to Specific Properties (the "Consent Order of Forfeiture"), which (1) imposed a money judgment against the Defendant, in the amount of $7,000,000 in United States currency, representing all property, real and personal, involved in the money laundering offense and all property traceable to such property, and (2) ordered the forfeiture to the United States of all of his right, title and interest in the Specific Properties;

WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty consecutive days, notice of the Consent Order of Forfeiture, of the United States' intent to dispose the Specific Properties and the requirement that any person asserting a legal interest in the and to file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3). The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific

Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, notice of the Consent Order of Forfeiture and the intent of the United States to dispose of the Subject Property was published on www.forfeiture.gov, the official U.S. government internet site, beginning on February 9, 2011 and for thirty consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication was filed on July 13, 2011;

WHEREAS, on or about January 13, 2011, notice of the Consent Order of Forfeiture was mailed by Certified Mail Return Receipt Requested to:

    a. Lisa Newsome
       455 5th Avenue
       Half Moon Bay, California 94019;

    b. Santiago Baranchuk
       455 5th Avenue
       Half Moon Bay, California 94019;

    c. USAA Federal Savings Bank
       10750 McDermott Freeway
       San Antonio, TX 78288;

    d. Platino Holding LLC
       175 SW 7th Street, #2008
       Miami, Florida 33130;

    e. Life Style Media Group, LLC
       880 Biscayne Boulevard, Unit 2507
       Miami, Florida 33132;

f.  Life Style Media Group, LLC
    951 Brickell Avenue, #2304
    Miami, Florida 33131;

g.  Life Style Media Group, LLC
    951 Brickell Avenue, #2006
    Miami, Florida 33131;

h.  Life Style Media Group, LLC
    951 Brickell Avenue, #1906
    Miami, Florida 33131;

i.  Life Style Media Group, LLC
    2121 Ponce de Leon Boulevard, Suite 1050
    Coral Gables, Florida 33160;

j.  Life Style Media Group, LLC
    20201 E. Country Club Drive, #902
    Aventura, Florida 33180;

k.  Platino Holding LLC
    175 SW 7th Street, #1811
    Miami, Florida 33130;

l.  Platino Holding LLC
    2121 Ponce de Leon Boulevard, Suite 1050
    Coral Gables, Florida 33134;

m.  Platino Holding LLC
    175 SW 7th Street, #1810
    Miami, Florida 33130;

n.  Deutsche Bank
    60 Wall Street
    New York, New York 10005; and

o.  Lisa Newsome
    90 Alton Road, Unit 601
    Miami Beach, Florida 33139;

WHEREAS, these are the only persons known by the Government to have a potential interest in the Specific Properties;

WHEREAS, the Subject Property is more particularly described as:

> Unit 902 of Hamptons South Condominium, a Condominium according to the Declaration of Condominium thereof, as recorded in Office Records Book 22124, at Page 1785 of the Public Records of Miami-Dade County, Florida.
>
> Assessor's Parcel No.: 28-1235-085-0330.

WHEREAS, title to the Subject Property is held in the name of Life Style Media Group, LLC;

WHEREAS, on or about March 17, 2011, Hampton South Condominium Association, Inc. (the "Claimant") filed a claim (the "Claim") asserting an interest in the Subject Property;

WHEREAS, Claimant represents that Claimant has a right, title and interest in and to the Subject Property, by virtue of unpaid assessments due and unpaid on the Subject Property;

WHEREAS, the assessments due on the Subject Property due to the Claimant are currently delinquent;

WHEREAS, as of December 19, 2012, the total amount of delinquent assessments, penalties, interest, and costs of collection owed to the Claimant on the Subject Property is $86,028.28 and assessments, penalties, interest, and costs of collection will continue to accrue;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between the United States Attorney's Office for the Southern District of New York, Preet Bharara, United States Attorney by

7

and through Assistant United States Attorney Michael D. Lockard, and Claimant, and their attorney, Nicholas D. Siegfried, Esq., seek to resolve the Claim without litigation.

    1.    The parties agree that, upon the entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Subject Property to the United States and sale of the Subject Property pursuant to the Final Order of Forfeiture, the United State will not contest payment to the Claimant of the delinquent outstanding assessments due on the Subject Property from the net proceeds of the sale of the Subject Property. The net proceeds shall include all amounts received from the sale of the property after payment of real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, and expenses incurred by the United States Marshals Service in connection with its custody and sale of the Subject Property.

    2.    The foregoing Stipulation and Order shall be in full settlement and satisfaction of all claims and petitions by Claimant to the Subject Property.

    3.    Claimant hereby withdraws the Claim asserting an interest in the Subject Property. Upon the Court's endorsement of this Stipulation and Order, said Claim is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

8

4.    Claimant is hereby barred from asserting, or assisting others in asserting, any claim against the United States (including but not limited to the Department of Justice ("DOJ"), the United States Attorney's Office for the Southern District of New York ("SDNY-USAO"), and the Drug Enforcement Administration ("DEA")), and any agents and employees of the United States, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Property, including, but not limited to, any claim that there was no probable cause to seize the Subject Property, that the Claimant is a prevailing party, or that the Claimant is entitled to attorney's fees or any award of interest.

5.    This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Fax or PDF copies shall be treated as originals.

6.    The individual(s) signing this Stipulation and Order on behalf of the Claimant represent and warrant that they are authorized by Claimant to execute this Stipulation and Order.

7.    The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

8.    This Stipulation and Order constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise or agreement, either written or oral,

made by either party or agents of either party, that is not contained in this written Agreement shall be enforceable.

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael D. Lockard, One St. Andrew's Plaza, New York, New York 10007.

Agreed and consented to:

PREET BHARARA

United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          7/29/2013
    MICHAEL D. LOCKARD                        DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2193
    Fax: (212) 637-0421
    michael.lockard@usdoj.gov

HAMPTON SOUTH CONDOMINIUM
ASSOCIATION, INC.
CLAIMANT

By: _____          6/20/13
    HAMPTON SOUTH CONDOMINIUM                 DATE
    ASSOCIATION, INC.

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

By: _____  
NICHOLAS D. SIEGFRIED, ESQ.  
Attorney for Claimant  
Siegfried, Rivera, Lerner  
De La Torre & Sobel, P.A.  
201 Alhambra Circle, Suite 1102  
Coral Gables, FL 33134  
Tel.: (786) 279-3566  
Fax: (305) 443-3292  
nsiegfried@siegfriedlaw.com

12/20/12  
DATE

SO ORDERED:

_____  
HONORABLE WILLIAM H. PAULEY III  
UNITED STATES DISTRICT JUDGE

4/18/2013  
DATE

11